UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

KAILASH ROBBY LLC and QUICK SERVICE CAPITAL PARTNERS LLC d/b/a CHECKERS HAINES CITY,
    Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, KAILASH ROBBY LLC and QUICK SERVICE CAPITAL PARTNERS LLC d/b/a CHECKERS HAINES CITY (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 36114 Hwy 27 Haines City, FL 33844 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

6. Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual. Plaintiff's most recent visits to Florida include:

    a. Coral Springs, FL on or about March 26, 2021,
    b. Pompano Beach, FL on or about March 28, 2021,
    c. West Palm Beach, FL on or about June 30, 2021,
    d. Miami Beach, FL on or about July 15, 2021,
    e. Jacksonville, FL on or about September 14, 2021,
    f. Weston, FL on or about September 16, 2021,
    g. Deerfield Beach, FL on or about September 17, 2021,
    h. Weston, FL on or about October 10, 2021,
    i. Sunrise, FL on or about October 11, 2021,
    j. Orlando, FL on or about March 5, 2022,

    **k.**    Titusville, FL on or about July 9, 2022,

    **l.**    Orlando, FL on or about July 21, 2022,

    **m.**    Pompano Beach, FL on or about July 22, 2022,

    **n.**    Boca Raton, FL on or about July 23, 2022,

    **o.**    Stuart, FL on or about July 25, 2022,

    **p.**    Boca Raton, FL on or about September 1, 2022,

    **q.**    Margate, FL on or about January 5, 2023

    **r.**    Ft. Lauderdale, FL on or about January 6, 2023,

    **s.**    Pembroke Pines, FL on or about January 6, 2023,

    **t.**    Coral Springs, FL on or about January 7, 2023,

    **u.**    Plantation, FL on or about January 7, 2023,

    **v.**    Weston, FL on or about January 8, 2023,

    **w.**    Melbourne, FL on or about June 12, 2023,

    **x.**    Davenport, FL on or about June 13, 2023,

    **y.**    Pompano Beach, FL on or about June 14, 2023,

    **z.**    Melbourne, FL on or about July 10, 2023,

    **aa.**    Ft. Lauderdale, FL on or about July 11, 2023,

    **bb.**    Davenport, FL on or about July 11, 2023,

    **cc.**    Pompano Beach, FL on or about July 12, 2023,

    **dd.**    Ft. Lauderdale, FL on or about September 12, 2023.

    **ee.**    Broward County, Florida on or about October 20-23, 2023,

    **ff.**    Miami Dade County, Florida on or about October 23-24, 2023.

**7.** Defendant, KAILASH ROBBY LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.** Pursuant to the Polk Property Appraiser's Office, Defendant, KAILASH ROBBY LLC, is the owner and/or operator/manager of the real

property located on or 36114 Hwy 27 Haines City, FL 33844 (hereinafter the "Subject Premises"). This is the building where the Subject Premises are located.

9. Defendant, QUICK SERVICE CAPITAL PARTNERS LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Florida Department of Business and Professional Regulation, the Defendant, QUICK SERVICE CAPITAL PARTNERS LLC, was licensed on January 18, 2008 to provide Permanent Food Service and Seating and occupies 36114 Hwy 27 Haines City, FL 33844 as a restaurant known as "CHECKERS HAINES CITY".

11. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff most recently visited the Subject Premises on or about June 13, 2023 and September 11, 2023 to purchase and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

13. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 17. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and

services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

14. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

15. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

17. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Exterior Accessible Routes

a) The restaurant does not provide at least one accessible route of travel from the accessible parking space to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1. of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the accessible parking space to the building entrances they serve in accordance with §206.2.1 and §206.2.5 of the 2010 ADA Standards. Estimated Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

b) The facility does not provide at least one compliant accessible route within the site due to the walkway not providing 36 inches minimum of clear width making it difficult for the plaintiff to traverse the walkway from the front of the facility to the accessible restroom. Violation: At least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site in accordance with §206.2.2. The clear width of walking surfaces shall be 36 inches minimum complying with §403.5.1 of the 2010 ADA Standards. Recommendation: Provide a compliant accessible route within a site connecting all elements. Estimated Cost: $5,000.00. The removal of this barrier is readily achievable as this barrier is cited in §206.2.2 and §403.5.1 of the 2010 ADA Standards. Accessible Routes.

c) The curb ramps throughout the facility have running slopes that exceed the maximum allowance of 8.33% making it difficult for the plaintiff to traverse the facility. Violation: Ramp runs shall have a running slope not steeper than 8.33% as required by §405.2 of the 2010 ADA Standards. Recommendation: Provide compliant curb ramps pursuant to §406.5 of the 2010 ADA

    Standards. Estimated Cost: $3,500.00. The removal of this barrier is readily achievable as this barrier is cited in §406.5 and §405.2 of the 2010 ADA Standards. Curb Ramps, Running Slope.

  **d)** The curb ramps throughout the facility have side flares that exceed the maximum slope allowance making it difficult for the plaintiff to utilize. Violation: Where provided, curb ramp flares shall not be steeper than 1:10 complying with §406.1 and §406.3 of the 2010 ADA Standards. Recommendation: Modify curb ramps to provide side flares with less than 10% slope. Estimated Cost: $2,500.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §406.1 and §406.3 of the 2010 ADA Standards and 28 CFR §36.211. Curb Ramps. Maintenance of accessible features.

### Accessible Parking

  **e)** The accessible parking space does not provide an access aisle adjacent to the space making it difficult for the plaintiff to traverse. Violation: Car parking spaces shall be 96 inches wide minimum and van parking spaces shall be 132 inches wide minimum, shall be marked to define the width, and shall have a marked access aisle adjacent to the space complying with §502.3 of the 2010 ADA Standards. Recommendation: Accessible parking space in accordance with §502.3 and §502.3.3 of the 2010 ADA Standards. Estimated Cost: $500.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §502.2, §502.3, and §502.7 of the 2010 ADA Standards and 28 CFR §36.211. Vehicle Spaces, Marking, Access Aisle.

  **f)** The facility does not provide a van accessible parking space with van accessible parking signage making it difficult for the plaintiff to utilize. Violation: For every six or fraction of six parking spaces required by §208.2 to comply with §502, at least one shall be a van parking space. Recommendation: Provide one van accessible parking space with van accessible signage to identify it. Estimated Cost: $500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §208.2.4, §502, and §502.7 of the 2010 ADA Standards. Parking Spaces, Identification.

### Exterior Dining Area

  **g)** The dining area does not provide at least 5% of compliant dining surfaces making it difficult for the plaintiff to utilize. Violation: Where dining surfaces are provided for the consumption of food

or drink, at least 5% of the seating spaces and standing spaces at the dining surfaces shall comply with §226.1 of the 2010 ADA Standards. Recommendation: Provide at least 5% of compliant dining tables as required by §226.1 and §902 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §226.1 and §902 of the 2010 ADA Standards. Dining Surfaces and Work Surfaces.

h) The picnic style dining tables do not provide compliant knee and toe clearance making it difficult for the plaintiff to utilize. Violation: Space under an element between the finish floor or ground and 9 inches above the finish floor shall extend 17 inches minimum and 25 inches maximum under an element required for compliant toe clearance pursuant to §306.2 and space under an element between 9 inches and 27 inches above the finish floor or ground and extending 25 inches maximum under an element at 9 inches above the finish floor or ground required knee clearance according to §306.3 and knee and toe clearance complying with 306 shall be provided complying with §902.2 of the 2010 ADA Standards. Recommendation: Provide at least 5% of dining tables with compliant knee and toe clearance as required by §306.2 and §306.3 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §306.2 and §306.3 of the 2010 ADA Standards. Knee Clearance and Toe Clearance, Dining Surfaces and Work Surfaces.

i) The exterior dining area does not provide a compliant accessible route between the picnic tables making it difficult for the plaintiff to utilize. Violation: In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dinging areas, and outdoor dining areas in accordance with §206.2.5. The clear width of walking surfaces shall

j) Provide a compliant accessible route to the picnic tables as required. Estimated Cost: $500.00.

k) The removal of this barrier is readily achievable as this barrier is cited in §206.2.5 and §403.5.1 of the 2010 ADA Standards. Accessible Routes.

### Unisex Public Restroom

l) The maneuvering clearance at the restroom door is obstructed by the lavatory making it difficult for the plaintiff to exit the restroom. Violation: Swinging doors and gates shall have

Page **8** of **15**

maneuvering clearances complying with §404.2.4.1 of the 2010 ADA Standards. Recommendation: Reconstruct the doorway to provide the compliant 18 inches of latch side maneuvering clearance parallel to the doorway. Estimated Cost: $2,500.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §404.2.4 of the 2010 ADA Standards. Maneuvering Clearances at Manual Swinging doors and Gates.

**m)** The plaintiff had to use caution when utilizing the lavatory in the accessible stall of the men's restroom due to the water supply line underneath the lavatory being exposed and in need of insulation. Violation: Water supply and drainpipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks as required by §606.5 of the 2010 ADA Standards. Recommendation: Install insulation around the exposed drainpipe and all the way up so that all abrasive parts are wrapped and both water supply lines as required. Estimated Cost: $50.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606 of

**n)** The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor or ground in accordance with §603.3 of the 2010 ADA Standards. Recommendation: Relocate or install a new mirror at the compliant height, not to exceed 40 inches above the finish floor to the bottom edge of the reflecting surface as required by §603.3. Estimated Cost: $250. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.3 of the 2010 ADA Standards. Toilets and Bathing Rooms.

**o)** The trash can obstructs the water closet's 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to transfer onto the toilet. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in §604.3.1 of the 2010 ADA Standards. No other fixtures or obstructions shall be located within the required water closet clearance as required by §604.3.2 of the 2010 ADA Standards.

Recommendation: Relocate the trash can to provide the required clear floor space around the water closet as required by 604.3.1. Estimated Cost: $25..00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size. Overlap.

**p)** The water closet does not provide a flush control located on the open side of the water closet making it difficult for the plaintiff to utilize. Violation: Flush controls shall be hand operated or automatic and comply with §309.4. Flush shall be located on the open side of the water closet. Recommendation: Install a new water closet with the flush handle located on the wide side as required. Estimated Cost: Less than $800.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.6 of the 2010 ADA Standards. Water Closets and Toilet Compartments.

**q)** The water closet does not provide a rear wall grab bar that is mounted 1 ½ inches minimum above the water closet making it difficult for the plaintiff to transfer onto the seat. Violation: The space between the wall and the grab bar shall be 1 ½ inches. The space between the grab bar and projecting objects below and at the ends shall be 1 ½ inches minimum as required by §609.3 of the 2010 ADA Standards. Recommendation: Remove and reinstall the dispenser to comply with §604.5.2 and §609. Estimated Cost: $300.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §609.3 of the 2010 ADA Standards. Grab Bars. Spacing.

**r)** The toilet does not provide a compliant rear wall grab bar that is 36 inches long minimum making it difficult for the plaintiff to transfer onto the toilet. Violation: The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side in accordance with §604.5.2 of the 2010 ADA Standards. Recommendation: Provide a new 36-inch-long grab bar as required by 604.5.2. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size. Overlap

**s)** The side wall grab bar does not meet the minimum requirement of 42 inches long and is not located 12 inches maximum from the rear wall extending 54 inches minimum from the rear wall as

required making it difficult for the plaintiff to transfer to the seat. Violation: The side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall as required by §604.5.1 of the 2010 ADA Standards. Recommendation: Remove and install a compliant grab bar in accordance with §604.5.1 of the 2010 ADA Standards. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5 and §609 of the 2010 ADA Standards. Grab Bars. Side-wall.

t) The water closet does not provide a toilet paper dispenser in the compliant location 7 inches to 9 inches in front of the water closet making it difficult for the plaintiff to utilize. Violation: The toilet paper dispenser shall be located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser as required by §604.7 of the 2010 ADA Standards. Recommendation: Install a compliant toilet paper dispenser as required by §604.7. Estimated Cost: $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.7 of the 2010 ADA Standards. Dispensers.

u) The urinal does not provide compliant clear floor space for an approach making it difficult for the plaintiff to utilize. Violation: Alcoves shall be 36 inches wide minimum where the depth exceeds 24 inches in accordance with §305.7.1 of the 2010 ADA Standards. Recommendation: Reconfigure the unisex restroom to provide 36 inches wide minimum of clear floor space for an approach to the urinal. Estimated Cost: $10,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §605.3 of the 2010 ADA Standards. Urinals. Clear Floor Space.

18. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and

carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

20. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

21. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

22. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on January 18, 2008, Plaintiff asserts that said ADA

violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

23. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

24. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

25. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

26. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**27.** Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

**28.** Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

**29.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**30.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the

extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

                              Respectfully submitted,

                              s/ Lauren N. Wassenberg
                              Lauren N. Wassenberg (FBN: 34083)
                                *Attorney for Plaintiff*
                              Lauren N. Wassenberg & Associates, P.A.
                              33 SE 4th St., Ste. 100
                              Boca Raton, Florida 33432
                              (561) 571-0646
                              WassenbergL@gmail.com

                              s/ Glenn R. Goldstein
                              Glenn R. Goldstein (FBN: 55873)
                                *Attorney for Plaintiff*
                              Glenn R. Goldstein & Associates, PLLC
                              8101 Biscayne Blvd., Ste. 504
                              Miami, Florida 33138
                              (561) 573-2106
                              GGoldstein@G2Legal.net